Andrew S. Friedman (AZ 005425)
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, PC**
2325 East Camelback Road, Suite 300
Phoenix, AZ 85016
(602) 274-1100
(602) 274-1199 (facsimile)
afriedman@bffb.com

David A. Rothstein, Esq. (to be admitted *pro hac vice*)
Drothstein@dkrpa.com
Lorenz Michel Prüss, Esq. (to be admitted *pro hac vice*)
Lpruss@dkrpa.com
Jared A. Levy, Esq. (to be admitted *pro hac vice*)
Jlevy@dkrpa.com
Christopher M. Drury, Esq. (to be admitted *pro hac vice*)
Cdrury@dkrpa.com
**DIMOND KAPLAN & ROTHSTEIN, P.A**
Offices at Grand Bay Plaza
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
Telephone: (305) 374-1920
Facsimile: (305) 374-1961

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ventures Edge Legal, PLLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GoDaddy.com, LLC,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Ventures Edge Legal, PLLC ("Plaintiff"), on behalf of itself and all others similarly situated (the "Class"), by and through undersigned counsel, hereby sues Defendant, GoDaddy.com, LLC ("GoDaddy"), and states as follows.

## INTRODUCTION

1. This putative class action arises from GoDaddy's failure to disclose certain material facts in conjunction with its sale of an office-services product manufactured by Microsoft Corp. ("Microsoft"), commonly known as Microsoft® Office 365 ("Office 365").

2. Office 365 is a software system that provides cloud-based productivity solutions.  It is sold via subscription services.  While Microsoft itself sells Office 365, Microsoft also permits other retailers to sell Office 365.  GoDaddy began selling Office 365 in early 2014.

3. Microsoft offers a number of different versions, or plans, of Office 365 for sale.  One plan of Office 365 that is offered for sale by Microsoft is referred to as the Office 365 Business Premium plan.

4. GoDaddy too offers different plans of Office 365.  And one plan offered for sale by GoDaddy is also referred to as the Office 365 Business Premium plan.

5. The crux of this case is that GoDaddy fails to disclose certain material facts in connection with its sale of its Office 365 Business Premium plan.

6. The Office 365 Business Premium plan sold by Microsoft provides users with a specific set of functionality that includes certain services and features.

7. But the Office 365 Business Premium plan sold by GoDaddy provides users with only a watered down set of functionality that does not include all the services and features as the Office 365 Business Premium plan sold by Microsoft.

8. But GoDaddy fails to disclose that the Office 365 Business Premium plan that it offers for sale provides users with only a watered down set of functionality that does not include all the services and features as the Office 365 Business Premium plan

sold by Microsoft.

9. Plaintiff thus brings this pure-omission based putative class action, seeking to recover from GoDaddy for its violations of the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1522.

## JURISDICTION AND VENUE

10. This Court possesses subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a. the putative Class consists of more than 100 class members, at least one of whom – *e.g.,* the Plaintiff – is diverse from GoDaddy; and

   b. the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

11. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because GoDaddy resides and conducts business in the District of Arizona.

## THE PARTIES

12. Plaintiff Ventures Edge Legal, PLLC is a limited liability company formed pursuant to the laws of the State of Florida and having its principal place of business in Miami-Dade County, Florida.

13. Defendant GoDaddy.com, LLC is a Delaware limited liability company having its principal place of business in Maricopa County, Arizona. GoDaddy.com, LLC is a wholly owned subsidiary of Desert Newco, LLC. Desert Newco, LLC is a Delaware-incorporated limited liability company with is principal place of business in Arizona. Desert Newco, LLC's sole managing member is GoDaddy, Inc. GoDaddy, Inc. is incorporated in Delaware, and has its principal place of business in Arizona.

2

**COMMON FACTUAL ALLEGATIONS**

**I.     GoDaddy's Business Operations**

14.    Originally founded in 1997, GoDaddy is an Internet-domain registrar and web-hosting company.

15.    With 60 million domain names under management and over 13 million customers, GoDaddy is the world's largest Internet-domain registrar.

16.    Along with offering domain registration and hosting, GoDaddy also sells e-business software and services, including the Office 365 product at issue.

**II.    Office 365 Generally**

17.    During all times material hereto, Office 365 has been a registered trademark of Microsoft.

18.    Office 365 is a productivity solution that combines a number of services and features. Specifically, Office 365 offers an array of modern cloud services, computer software, and computer applications across a variety of devices, whether online or offline, including, but not limited to, the following: business-class email; desktop sharing; shared calendars; database management; word-processing; presentation graphics; document publications and management; electronic-spreadsheet and power-point applications; contacts management; instant messaging; video and audio conferencing; Voice over Internet Protocol; access to the most up-to-date documents; and network security features.

19.    As of January 2014, Office 365 was the fastest growing Microsoft product in history.

**III.   Go Daddy Begins To Offer Office 365 for Sale**

20.    On or about January 13, 2014, GoDaddy began selling Office 365 as its exclusive productivity solution.

21.     GoDaddy offers Office 365 for sale via its website.[1]

## IV.     The Office 365 Product Sold by GoDaddy Lacks Key Functionality

22.     As noted above, one of the Office 365 plans offered for sale by Microsoft is the Office 365 Business Premium plan.

23.     As also noted above, GoDaddy too offers a plan to which it refers by the same name – *i.e.,* the Office 365 Business Premium plan.

24.     The Office 365 Business Premium plan sold by Microsoft provides users with a specific set of functionality that includes certain services and features.

25.     But the Office 365 Business Premium plan that Go Daddy offers for sale provides users with only a watered down set of functionality that does not include all of the services and features as the Office 365 Business Premium plan sold by Microsoft.

26.     By way of example, the following is a non-exhaustive list of services and features that are available on the Office 365 Business Premium plan sold by Microsoft, but are *not* available on the Office 365 Business Premium plan sold by Go Daddy:

    a.     The Office 365 Business Premium plan sold by Microsoft allows users to access the "Active Directory Services" feature, which allows a controller to authenticate and authorize all users and computers in a Windows domain-type network by assigning and enforcing security policies for all computers and installing or updating software. The Office 365 Business Premium plan sold by Go Daddy does not provide that functionality.

    b.     The Office 365 Business Premium plan sold by Microsoft allows users to access administrative software tools to modify "Exchange" services, which relate to discrete email, calendaring, and other Microsoft Exchange features.  The Office 365

---

[1] A consumer purchases Office 365 by performing a series of "clicks," that incorporate a series of contracts, but none of those click-through contracts concern the substance of the core allegations at issue in this matter.

Business Premium plan sold by Go Daddy does not provide that functionality.

        c.      The Office 365 Business Premium plan sold by Microsoft allows users to access administrative tools to modify the "Sharepoint" service, which combines various functions traditionally found in separate applications (*e.g.*, intranet, extranet, content management, document management, personal cloud, enterprise social networking, enterprise search, business intelligence, workflow management, web content management, and an enterprise application store).  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

        d.      The Office 365 Business Premium plan sold by Microsoft allows users to access administrative tools to modify the "Lync" communications service, which provided an instant messaging service then offered by Microsoft.  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

        e.      The Office 365 Business Premium plan sold by Microsoft allows great user flexibility in domain management, the ability to add multiple domains, the ability to generate second-level domains, and the ability to generate third-level domains for private networks and public websites.  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

        f.      The Office 365 Business Premium plan sold by Microsoft allows users to utilize a single sign-in ability to access different off-line and on-line software and network functions.  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

        g.      The Office 365 Business Premium plan sold by Microsoft allows users great flexibility to add alternative, less costly plans for a subset of each customer's users.  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

        h.      The Office 365 Business Premium plan sold by Microsoft allows users to generate the necessary reports to monitor and manage security and other aspects

of the service.  The Office 365 Business Premium plan sold by GoDaddy does not provide this functionality.

   i. The Office 365 Business Premium plan sold by Microsoft allows users to access the "Windows Powershell," which is a task-automation and configuration-management framework.  The Office 365 Business Premium plan sold by GoDaddy does not provide that functionality.

**V.** **GoDaddy Owes a Duty To Disclose All Material Facts**

 27. GoDaddy owes a duty to disclose all material facts with regard to a consumer's purchase of an Office 365 Business Premium plan.  Specifically:

  a. GoDaddy owes a duty of disclosure under the plain language of the ACFA, which creates a right of action in the event of an "omission of any material fact" in connection with a sales transaction covered by the act.[2]

  b. GoDaddy owes a duty of disclosure under § 551 of the Restatement (Second) of Torts.  In particular:

   i. GoDaddy owes a duty of disclosure under sub-section (2)(b), which provides that before a sales transaction is consummated, one party to the transaction is under a duty to exercise reasonable care to disclose to the other party to the transaction "matters known to him that he knows to be necessary to prevent partial or ambiguous statement of the facts from being misleading."

   ii. GoDaddy owes a duty of disclosure under sub-section (2)(e), which provides that before a sales transaction is consummated, one party to the transaction is under a duty to exercise reasonable care to disclose to the other party to the transaction "facts basic to the transaction, if he knows that the other is about to enter into it under a

---

[2] See, e.g., State Ex Rel. Horne v. Autozone, Inc., 229 Ariz. 358 (Ariz. 2012) (explaining that the plain language of the ACFA imposes a duty to refrain from an "omission of any material fact" pertinent to a transaction subject to the act).

6

mistake as to them, and that the other, because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of the facts."

**VI.     GoDaddy Breached Its Duty of Disclosure**

28.     GoDaddy does not make any misrepresentations of material fact in connection with its sale of the Office 365 Business Premium plan – *i.e.,* Plaintiff is not presently aware of any affirmative representation made by GoDaddy in connection with its sale of the Office 365 Business Premium plan that constitutes a false statement of material fact.

29.     But GoDaddy altogether fails to disclose certain material facts in connection with its sale of the Office 365 Business Premium plan.

30.     Specifically, GoDaddy altogether fails to disclose that the Office 365 Business Premium plan offered for sale by GoDaddy provides users with only a watered down set of functionality that does not include the same services and features as the Office 365 Business Premium plan sold by Microsoft.  More specifically:

   a.     GoDaddy fails to disclose that the Office 365 Business Premium plan sold by Go Daddy does not allow users to access the "Active Director Services" feature (which is material because the Office 365 Business Premium plan sold by Microsoft does allow users to access the "Active Director Services" feature).

   b.     GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to access administrative software tools to modify "Exchange" services (which is material because the Office 365 Business Premium plan sold by Microsoft does allow users to access administrative software tools to modify "Exchange" services).

   c.     GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to access administrative tools to modify the "Sharepoint" service (which is material because the Office 365 Business Premium plan

7

sold by Microsoft does allow users to access administrative tools to modify the "Sharepoint" service).

        d.      GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to access administrative tools to modify the "Lync" communications service (which is material because the Office 365 Business Premium plan sold by Microsoft does allow users to access administrative tools to modify the "Lync" communications service).

        e.      GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not grant users the ability to add multiple domains, the ability to generate second-level domains, or the ability to generate third-level domains for private networks and public websites (which is material because the Office 365 Business Premium plan sold by Microsoft grants users the ability to add multiple domains, the ability to generate second-level domains, and the ability to generate third-level domains for private networks and public websites).

        f.      GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to utilize a single-sign ability to access different off-line and on-line software and network functions (which is material because the Office 365 Business Premium plan sold by Microsoft allows a user to utilize a single-sign ability to access different off-line and on-line software and network functions).

        g.      GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to add alternative, less costly plans to supplement each user's plan (which is material because the Office 365 Business Premium plan sold by Microsoft allows users to add alternative, less costly plans to supplement each user's plan).

        h.      GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to generate the reports necessary to monitor and manage security and other aspects of the service (which is material because the Office 365

Business Premium plan sold by Microsoft allows users to generate the reports necessary to monitor and manage security and other aspects of the service).

      i.    GoDaddy fails to disclose that the Office 365 Business Premium plan sold by GoDaddy does not allow users to access the "Windows Powershell," which is a task-automation and configuration-management framework (which is material because the Office 365 Business Premium plan sold by Microsoft allows users to access the "Windows Powershell").

31.    In determining whether to purchase the Office 365 Business Premium plan offered for sale by GoDaddy, an objectively reasonable actor would attach importance to the foregoing omissions in determining his, her, or its choice of action.

32.    Upon information and belief, GoDaddy acted with intent that others rely upon the foregoing omissions.

**PLAINTIFF-SPECIFIC ALLEGATIONS**

33.    On or about November 13, 2014, and during the days leading up to that date, Plaintiff viewed GoDaddy's website, on which GoDaddy offered its Office 365 Business Premium plan for sale.

34.    As noted above, GoDaddy failed to disclose that the Office 365 Business Premium plan offered for sale by GoDaddy comes with a watered down set of functionality that does not offer all of the same services and features as the Office 365 Business Premium plan sold by Microsoft.

35.    On or about November 13, 2014, via GoDaddy's website, Plaintiff paid $89.88 to purchase Office 365 Business Premium from GoDaddy for a one-year term with automatic annual renewal at the rate of $179.88 per year.

**CLASS ACTION ALLEGATIONS**

36.    Plaintiff brings this action on behalf of itself and as a class action under the provisions of Rule 23(a), (b)(1)(A), and (b)(3) of the Federal Rules of Civil Procedure.

9

The proposed Class is defined as follows:

> All individuals and entities who purchased the Office 365 Business Premium plan through GoDaddy's website from 11/13/2014 through the present.[3]

37. Plaintiff submits this action is properly maintainable as a class action as it satisfies all the prerequisites of Rule 23(a). More specifically, Plaintiff submits as follows:

   a. Upon information and belief, there are, at a minimum, thousands of members of the Class, who are located throughout the United States such that the class is so ***numerous*** that joinder of all members of the Class is impracticable.

   b. There are questions of law and fact that are ***common*** to all members of the Class. Among the questions of law and fact that are common to all members of the Class are as follows:

      i. Whether the Office 365 Business Premium plan that GoDaddy offers for sale provides users with only a watered down set of functionality that does not include all of the services and features as the Office 365 Business Premium plan sold by Microsoft;

      ii. Whether GoDaddy owed a duty to disclose that the Office 365 Business Premium plan that GoDaddy offers for sale provides users with only a watered down set of functionality that does not include all of the services and features as the Office 365 Business Premium plan sold by Microsoft;

      iii. Whether GoDaddy failed to disclose that the Office 365

---

[3] Excluded from the Class is GoDaddy, and GoDaddy's parent, subsidiaries, affiliates, directors, officers, and members of any directors' or officers' immediate families. Also excluded are any federal, state, or local governmental entities, any judicial officers presiding over this action, and any such judicial officers' immediate family members and judicial staff. Plaintiff reserves the right to amend the above Class definition.

Business Premium plan that GoDaddy offers for sale provides users with only a watered down set of functionality that does not include all of the services and features as the Office 365 Business Premium plan sold by Microsoft;

    iv. Whether GoDaddy's failure to disclose certain facts in connection with its sale of the Office 365 Business Premium plan constitutes material omissions of fact;

    v. Whether GoDaddy intended that others rely on its omissions of material fact when deciding whether to purchase the Office 365 Business Premium plan from GoDaddy;

    vi. Whether Plaintiff and the Class are entitled to a class-wide presumption of reliance because this is a pure-omission case;

    vii. Whether GoDaddy violated Ariz. Rev. Stat. § 44-1522(A) by omitting to disclose material facts (as described herein), with the intent that others rely on such omissions, in conjunction with GoDaddy's sale of the Office 365 Business Premium plan; and

    viii. whether the Class is entitled to damages, and if so, the proper amount of such damages.

   c. Plaintiff's claims are *typical* of the claims of all members of the Class because all such claims arise from the purchase of the same product, concern the same omissions of material fact, and concern the same statutory violation.

   d. Plaintiff will fairly and *adequately* protect the interest of all Class members, and Plaintiff has retained competent counsel experienced in class-action litigation.

  38. Plaintiff submits this action also satisfies the prerequisites of Rule 23(b)(3). More specifically:

   a. The common questions of law and fact *predominate* over any individualized questions specific to particular members of the Class.

11

b.  A class action is *superior* to all other available methods for the fair and efficient adjudication of this controversy because: (1) the joinder of thousands of Class members is impracticable; (2) the damages suffered by individual Class members may be relatively small compared to the Class-wide damages and, therefore, the expense and burden of individual litigation makes it impracticable for Class members to redress the wrong done to them on an individual basis; and (3) there will be no difficulty in managing this action as a class action.

39.  Plaintiff has retained adequate counsel experienced in the prosecution of consumer and class action litigation and thus satisfy the criteria of Rule 23(g).

## COUNT I
## BREACH OF THE ARIZONA CONSUMER FRAUD ACT [4]
[ARIZ. REV. STAT. § 44-1522(A)]

40.  Plaintiff re-alleges and incorporates all of the foregoing paragraphs above as if fully alleged herein.

41.  GoDaddy owed a duty to disclose all material facts in connection with its sale of the Office 365 Business Premium plan.

42.  As detailed herein, GoDaddy omitted certain material facts in connection with its sale of the Office 365 Business Premium plan.

43.  GoDaddy intended that others rely on its omissions of material fact in deciding whether to purchase the Office 365 Business Premium plan from GoDaddy.

44.  Via the presumption of reliance, Plaintiff and the members of the Class relied on GoDaddy's omissions of material fact in deciding whether to purchase the Office 365 Business Premium plan from GoDaddy.

---

[4] In Sellinger v. Freeway Mobile Homes Sales, Inc., 521 P.2d 1119 (Ariz. 1974), the Arizona Supreme Court held that ACFA grants consumers a private right of action.

45. As a consequent and proximate result of GoDaddy's omissions of material fact, Plaintiff and the Class members were injured and sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, on its own behalf and on behalf of the Class, respectfully requests that this Court:

(A) Certify this action as a class under Rule 23 Fed. R. Civ. P.;

(B) Appoint Plaintiff as Class Representative;

(C) Appoint the undersigned as Class Counsel;

(D) Award Plaintiff and the Class damages pursuant to the Arizona Consumer Fraud Act;

(E) Award Plaintiff and the Class punitive damages;

(F) Award Plaintiff and the Class pre-judgment and post-judgment interest;

(G) Award Plaintiff and the Class their reasonable attorneys' fees; and

(H) Award Plaintiff and the Class such further relief as is appropriate in the interests of justice.

////

////

////

////

////

////

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable as of right.

Dated: November 12, 2015

        BONNETT FAIRBOURN FRIEDMAN & BALINT P.C.

        By: /s/Andrew S. Friedman
            Andrew S. Friedman
            2325 East Camelback Road, Suite 300
            Phoenix, AZ 85016
            Telephone: (602) 274-1100
            Facsimile: (602) 274-1199
            afriedman@bffb.com

            DIMOND KAPLAN & ROTHSTEIN, P.A
            David A. Rothstein, Esq. (to be admitted *pro hac vice*)
            Drothstein@dkrpa.com
            Lorenz Michel Prüss, Esq. (to be admitted *pro hac vice*)
            Lpruss@dkrpa.com
            Jared A. Levy, Esq. (to be admitted *pro hac vice*)
            Jlevy@dkrpa.com
            Christopher M. Drury, Esq. (to be admitted *pro hac vice*)
            Cdrury@dkrpa.com
            Offices at Grand Bay Plaza
            2665 South Bayshore Drive, PH-2B
            Miami, Florida  33133
            Telephone: (305) 374-1920
            Facsimile: (305) 374-1961

            *Attorneys for Plaintiff*