WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ventures Edge Legal PLLC, | No. CV-15-02291-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Pending before the Court is Defendant GoDaddy.com LLC's ("GoDaddy") Motion to Dismiss. (Doc. 21.) For the following reasons, the motion is denied.

## BACKGROUND

GoDaddy is an internet-domain name registrar. (Compl. ¶ 14.) With the permission of Microsoft, GoDaddy began selling Office 365 through its website in early 2014 through subscription services. (Compl. ¶ 2.) When selling Office 365 directly, Microsoft offers various Office 365 plans including the "Office 365 Business Premium" plan. (Compl. ¶ 3.) Similarly, GoDaddy also sells several Office 365 plans including one entitled "Office 365 Business Premium" plan. (Compl. ¶ 4.)

On or about November 13, 2014, Plaintiff Venture Edge Legal PLLC, viewed and purchased, through GoDaddy's website, the Office 365 Business Premium plan for $89.88 for a one-year term with an automatic annual renewal rate of $179.88 per year. (Compl. ¶ 35.) Plaintiff alleges GoDaddy failed to disclose that its version of the Office 365 Business plan does not offer the same services and features as the Office 365

Business Premium plan sold by Microsoft.[1] (Compl. ¶ 34.) On November 12, 2015, Plaintiff filed a putative class action suit for an omissions-based violation of the Arizona Consumer Fraud Act ("ACFA"). A. R. S. § 44-1522(A) (2013).

# DISCUSSION

## I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to

---

[1] Specifically, Defendant claims the following services and features which are included in the Office 365 Business Premium plans sold by Microsoft are not included in GoDaddy's Office 365 Business Premium plan: the "Active Director Services" feature, administrative software tools to modify the "Exchange", "SharePoint", and "Lync" communications service, the ability to add multiple domains, the ability to generate second-level domains, the ability to generate third level domains for private networks and public websites, utilization of a single-sign ability to access different off-line and on-line software and network functions, the ability to add alternative plans to supplement each user's plan, the ability to generate reports necessary to monitor and manage security and other aspects of the service, and access to the "Windows PowerShell." (Compl. ¶ 30.)

the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.   Analysis**

    **A.   Federal Rule of Civil Procedure 9(b)'s Heightened Pleading Requirements**

Rule 9(b) requires that a party must state with particularity the circumstances constituting fraud or mistake; in other words, Plaintiff must allege the "who, what, when and where" of his ACFA claim. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Plaintiff has done so here. Plaintiff's Complaint alleges that Defendant failed to disclose that its version of the Office 365 Business Premium plan did not provide users with the same set of functionality as the Office 365 Business Premium plan sold by Microsoft. (Compl. ¶ 34.) Further, Plaintiff's allegations detail the services provided by Microsoft's plan that are not provided by GoDaddy's version. (Compl. ¶ 30.) Plaintiff also alleges that this failure to disclose took place on Defendant's website, prior to when Plaintiff purchased GoDaddy's version of the Office 365 Business Premium plan. (Compl. ¶ 33.) Thus, in construing these allegations "in light most favorable to" Plaintiff, the Complaint satisfies Rule 9(b)'s pleading requirements. *Smith*, 84 F.3d at 1217; *see also* Falk *v. GMC*, 496 F. Supp. 2d 1088, 1098 (C.D. Cal. 2007) (recognizing that "a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specify content of an omission as precisely as would a plaintiff in a false representation claim.")

    **B.   Statute of Limitations**

The applicable statute of limitations for claims under the ACFA is one year. *Alaface v. Nat'l Inc. Co.*, 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994). "The statute of limitations has been interpreted to begin running when the defrauded party discovers or with reasonable diligence could have discovered the fraud." *Mister*

*Donut of Am. v. Harris*, 150 Ariz. 321, 323, 723 P.2d 670, 672 (Ariz. 1986).  Defendant raises the *possibility* that Plaintiff discovered the fraud at some point before purchasing the product and thus, the Complaint was not filed within the ACFA's one year statute of limitations and *could* be time-barred.  As an affirmative defense, statute of limitations "is properly raised in a motion to dismiss where it appears from the face of the Complaint that the claim is time barred," and should not be granted "unless it appears certain plaintiff will not be entitled to relief under any set of facts susceptible of proof under the claims stated." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421, 747 P.2d 581, 582 (Ariz. Ct. App. 1987).  It is not clear from the face of the Complaint that Plaintiff's claim is barred.  *Id.* (explaining that when evaluating a statute of limitations-based motion to dismiss, the court must "determine whether the complaint, construed in a light most favorable to the plaintiff," establishes a timely claim).  Accordingly, the court declines to rule in the context of deciding this motion to dismiss that the Complaint was time-barred.

### C. Plaintiff's ACFA Claim

#### 1. Intentional Omission

The ACFA stipulates:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or *omission* of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

A. R. S. § 44-1522(A) (2013) (emphasis added).  Under Arizona law, however, an omission-based claim also requires that a "party is under a duty to disclose." *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 774 (D. Ariz. 2012).  Plaintiff asserts that the Restatement (Second) of Torts §§ 551(2)(b), (2)(e) and the ACFA itself impose a duty to disclose on GoDaddy.

/ / /

Defendant has a duty to disclose under the Restatement (Second) of Torts § 551(2)(e), which requires one party to a business transaction to disclose "facts basic to the transaction, if he knows that the other [party] is about to enter into it under a mistake as to them, and that the other [party], because of the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts." § 551(2)(e) (1977). The available services and functions of GoDaddy's Office 365 Business Premium plan form a fact basic to Plaintiff's transaction. GoDaddy's product had the exact name as Microsoft's product, yet, Plaintiff plausibly pleads, GoDaddy's product did not share the same services and functions as the Microsoft product.  Such allegations sufficiently allege the plausible existence of a duty to disclose. [2]

GoDaddy counters that it does not have a duty to disclose because Plaintiff, in the course of the transaction, agreed to GoDaddy's Universal Terms of Service Agreement ("UTOS") and Microsoft Office Terms of Use Agreement ("MOTU").[3]  However, the existence of the UTOS and MOTU does not free Defendant from all potential liability from fraud claims.  The Arizona Supreme Court has held that "any provision in a contract making it possible for a party thereto to free himself from the consequences of his own fraud in procuring its execution is invalid and necessarily constitutes no defense." *Lufty v. R. D. Roper & Sons Motor Co.*, 57 Ariz. 495, 506, 115 P.2d 161, 166 (Ariz. 1941). Other Arizona courts have held the same. *See*, *e.g.*, Comerica *Bank v. Cactus & Tatum, L.L.C.*, 2010 WL 2299086, *4 (Ariz. Ct. App. June 8, 2010) (finding that "[s]ellers and lessors are not permitted to hide behind a disclaimer [or] warranties to avoid the

---

[2] Because a duty arises under § 551(2)(e), the Court does not need to address whether § 551(2)(b) or the ACFA itself also give rise to a duty to disclose.

[3] The Court denies Defendant's Request for Judicial Notice for the UTOS and the MOTU as their content is not alleged nor necessarily relied upon in the complaint. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (finding that the doctrine of incorporation "consider[s] documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

consequences of a fraud."); *Wagner v. Rao*, 180 Ariz. 486, 488, 885 P.2d 174, 176 (Ariz. Ct. App. 1944) (holding that "[a]s a general rule, the words "as is" in a contract do not deprive a buyer of the right to prove fraud or misrepresentation inducing execution of the contract."); *Custom Homes By VIA, LLC v. Bank of Okla.*, 2013 U.S. Dist. LEXIS 154254 at *8 (D. Ariz. Oct. 25, 2013) (finding that the defendant could not "avoid liability of fraud by the inclusion of boilerplate contract language"). Accordingly, GoDaddy's UTOS and MOTU are not a sufficient basis on which this Court could conclude that Plaintiff has failed to make a claim.

### 2.     **Reliance**

An ACFA claim also requires that the plaintiff relied upon the seller's omission. *Kuehn v. Stanley*, 208 Ariz. 124, 129, 91 P.3d 346, 351 (Ariz. 2004). Here, GoDaddy alleges that Plaintiff failed to include any allegation of reliance. (Doc. 21 at 19.) Pleadings, however, only require "'enough facts to state a claim to relief that is plausible on its face.'" *Clemens*, 534 F.3d at 1022 (quoting *Twombly*, 550 U.S. at 570). And here, Plaintiff's Complaint states that, "Plaintiff and the members of the Class *relied* on GoDaddy's omissions of material fact in deciding whether to purchase the Office 365 Business Premium plan from GoDaddy." (Compl. ¶ 44 (emphasis added).) Moreover, the Complaint sufficiently alleges facts that Plaintiff relied on GoDaddy's alleged omission in deciding whether to purchase GoDaddy's Office 365 Business Premium plan. (Compl. ¶ 33-35.)

GoDaddy argues that the UTOS and MOTU prevent Plaintiff from alleging that it relied on an omission since those agreements bound Plaintiff to buy GoDaddy's plan "as is," "as available," and "with all faults." *See In re Am. Sw. Mortg. Litig.*, No. CIV 89-462, 1990 WL 304214 at *4-5 (D. Ariz. July 12, 1990). In the context of a motion to dismiss, such generalized statements do not sufficiently establish that Plaintiff had no right to rely on Defendant's omissions in these circumstances.

/ / /

/ / /

- 6 -

### 3. Potential Loss or Damages

The ACFA also requires damages due to the omission. A. R. S. § 44-1522(A) (2013). GoDaddy claims that Plaintiff's recovery of damages is prohibited by the UTOS and MOTU. The specific language of both the UTOS and MOTU only bars liability from "any direct, indirect, incidental, special, punitive, or consequential damages." (Doc. 22, Ex. A.) Courts generally will not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Thus, this is an issue better suited for resolution in further proceedings.

Further, GoDaddy alleges that Plaintiff's claim is also barred to the extent that if Plaintiff learned of the alleged fraud within 45 days of the purchase of GoDaddy's Office 365 Business Premium plan, Plaintiff had the contractual right to return the product for a full refund. The existence of a refund, however, does not simply preclude any future claims of fraud. *F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1103 (9th Cir. 1994) ("the existence of a money-back guarantee is insufficient reason as a matter of law to preclude a monetary remedy"). Plaintiff has sufficiently pleaded the required element of damages under the ACFA.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 21) Plaintiff's claim of breach under the ACFA is **DENIED**.

Dated this 30th day of June, 2016.

_____
Honorable G. Murray Snow
United States District Judge