WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ventures Edge Legal PLLC, | No. CV-15-02291-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Pending before the Court is the Motion to Strike Affirmative Defenses of Plaintiff Ventures Edge Legal PLLC.[1] (Doc. 57.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Ventures Edge Legal, PLLC ("Ventures Edge") filed this putative class action lawsuit on November 12, 2015, alleging that Defendant GoDaddy.com, LLC ("GoDaddy") "fail[ed] to disclose certain material facts" with respect to its sale of the office software product known as "Microsoft Office 365." (Doc. 1 at 2.) GoDaddy moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). (Doc. 21.) The Court denied that motion in its entirety. (Doc. 48.)

---

[1] Plaintiff has requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

GoDaddy then filed an Answer to Ventures Edge's Complaint. (Doc. 53.) In this Answer, GoDaddy set forth nineteen affirmative defenses. (*Id.* at 9–14.) Ventures Edge, in turn, filed the pending motion to strike eighteen of the nineteen affirmative defenses, (Doc. 57), and that motion is fully briefed. (Docs. 61, 64.)

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense." The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, a motion to strike "should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009).

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "[A]n affirmative defense is legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege." *Kohler*, 280 F.R.D. at 564 (internal quotation marks and citation omitted). "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Pickern v. Chico Steakhouse, LP*, No. 12-cv-02586-TLN-CMK, 2013 WL 4051640, at *2 (E.D. Cal. Aug. 8, 2013).

### II. Analysis

Ventures Edge's challenges to GoDaddy's affirmative defenses fall into three broad and sometimes overlapping categories. Ventures Edge argues that twelve of the "affirmative defenses" are not affirmative defenses at all, but rather negative defenses or

1  denials—or, in one case, "nothing." The other six challenged affirmative defenses,
2  Ventures Edge contends, are insufficiently pleaded. Some of the challenged defenses are
3  additionally argued to be legally insufficient based on the Court's prior ruling on
4  GoDaddy's motion to dismiss.

5  There is no need, however, to engage in a lengthy and fine-grained analysis over
6  whether each of the purported affirmative defenses is best characterized as an affirmative
7  defense or a negative defense or denial. The mislabeling of defenses as affirmative rather
8  than negative is not grounds for striking those defenses. *See Kohler*, 280 F.R.D. at 567.
9  This is so because just as Rule 8(c) permits the pleading of affirmative defenses in an
10 answer, Rule 8(b) permits the pleading of negative defenses in an answer. To dismiss a
11 defense simply because it is mislabeled is thus "unnecessary formalism." *Hernandez v.*
12 *Balkian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *3 (E.D. Cal. June 1,
13 2007).

14 Moreover, the pleading requirements as to defenses and affirmative defenses are,
15 if not identical, sufficiently similar as to render any distinction irrelevant for the purposes
16 of this motion. Federal Rule of Civil Procedure 8 provides the general rules for all
17 pleadings, but it is divided into separate subparts governing the pleading of claims,
18 defenses, and affirmative defenses. Rule 8(a), governing claims, requires a "short and
19 plain statement of the claim showing the pleader is entitled to relief." Rule 8(b),
20 governing defenses, requires a party to "state in short and plain terms its defenses to each
21 claim asserted against it." Rule 8(c), governing affirmative defenses, states that "a party
22 must affirmatively state any avoidance or affirmative defense."

23 This Court has previously noted the important difference in language between
24 Rule 8(a) and Rule 8(c) and found that affirmative defenses are not subject to the
25 pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
26 *See Verco Decking, Inc. v. Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2013 WL
27 6844106, at *4–5 (D. Ariz. Dec. 23, 2013). Thus,
28 / / /

> the only pleading requirement for an affirmative defense, as opposed to a defense or a claim, is that "a party must affirmatively state" it. That affirmative statement merely needs to give fair notice by meeting traditional notice-pleading standards. Although the Supreme Court has abrogated the "any set of facts" standard from *Conley*, it did so only in the context of claims in a complaint.

*Verco Decking*, 2013 WL 6844106, at *5 (internal citations omitted).

Rule 8(b) is phrased differently than Rule 8(c), but it clearly requires less than Rule 8(a). *See, e.g.*, *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011) ("[T]he requirement [of Rules 8(b) and 8(c) are] markedly less demanding than that of Rule 8(a), where a pleading must *show* an entitlement to relief."). The Court thus declines to read *Twombly*'s factual plausibility standard into Rule 8(b). *See generally Falley*, 787 F. Supp. 2d at 1258–59 (describing the "logic in maintaining a higher standard for pleading claims than [for] defenses" especially given the "high bar for succeeding on a motion to strike").

Therefore, to the extent that any of the pleaded affirmative defenses are more accurately characterized as defenses under Rule 8(b), they still need only give fair notice of the grounds of the defense and be legally sufficient.[2] "Detailed pleading is not necessary to give fair notice . . . given that the core factual circumstances are already well known to the parties." *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08-md-1919 MJP, 2011 WL 1158387, at *1 (W.D. Wash. Mar. 25, 2011). Moreover, "an inappropriate or mischaracterized defense will generally not subject the plaintiff to vexatious litigation, as a frivolous claim might." *Id.*

### A. First, Third, Fourth, Sixth, Ninth, Seventeenth, and Eighteenth Affirmative Defenses

GoDaddy's First Affirmative Defense asserts that Ventures Edge's Complaint fails to state a claim upon which relief may be granted. The defense of failure to state a claim may be asserted in an answer. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon

---

[2] For simplicity's sake the Court will continue to refer to each of the nineteen asserted defenses as "Affirmative Defenses."

- 4 -

1  which relief can be granted . . . may be raised[] . . . in any pleading allowed or ordered
2  under Rule 7(a)[.]"). GoDaddy's grounds for this defense are identical to the arguments
3  made in its earlier Motion to Dismiss. (Doc. 53 at 9–10, Doc. 21 at 7–8.) Nevertheless,
4  although the Court denied the Motion to Dismiss in its entirely, (Doc. 48), it is
5  appropriate to allow this defense to be pleaded in the Answer. A district court is not
6  bound by law of the case doctrine with respect to an interlocutory order, such as a motion
7  to dismiss, over which it has not been divested of jurisdiction. *See, e.g.*, *Robins v.*
8  *Spokeo, Inc.*, 742 F.3d 409, 411 (9th Cir. 2014), *vacated on other grounds*, 136 S. Ct.
9  1540. Applying this principle, district courts have long allowed defendants to plead
10  failure to state a claim as an affirmative defense even when a motion to dismiss on the
11  same grounds had been previously denied. *See Baisten v. Peters*, No. 91 C 7673, 1993
12  WL 39724, at *2 (N.D. Ill. Feb. 12, 1993) ("[T]he court's previous denial of defendants'
13  dismissal motion does not prevent defendants from asserting the defense of failure to
14  state a claim."); *Van Voorhis v. District of Columbia*, 240 F. Supp. 822, 824 (D.D.C.
15  1965) ("The defense of failure to state a claim upon which relief can be granted cannot be
16  waived and can be asserted at the trial on the merits and hence neither the defendant nor
17  the trial court is concluded by a prior ruling on a motion to dismiss from reconsidering
18  the questions previously raised."). Thus, GoDaddy's First Affirmative Defense is not
19  stricken.

20  Several of the remaining affirmative defenses relate to issues decided in the
21  Court's ruling on the motion to dismiss—specifically, the Third ("Lack of Damage"),
22  Fourth ("Lack of Harm"), Sixth ("Release"), Ninth ("Contractual Limitations"),
23  Seventeenth ("Failure to Mitigate Damages"), and Eighteenth ("Lack of Reliance")
24  Affirmative Defenses. These defenses are not foreclosed by the Court's ruling on the
25  motion to dismiss for the same reason as the defense of failure to state a claim.
26  Moreover, as these issues were briefed and litigated by the parties already, it cannot be
27  said that Ventures Edge lacks fair notice of the grounds for the defense. Thus,
28  GoDaddy's Third, Fourth, Sixth, Ninth, Seventeenth, and Eighteenth Affirmative

Defenses are not stricken.

### B. Tenth and Eleventh Affirmative Defenses

GoDaddy's Tenth and Eleventh Affirmative Defenses assert that this lawsuit is not a proper class action based on deficiencies in the class certification requirements. The sufficiency of these defenses will be resolved on a class certification motion; to strike them now would be "an empty formalism." *Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *9 (E.D. Cal June 1, 2007); *see also Brewer v. Salyer*, No. 1:06cv1324 AWI DLB, 2007 WL 2505573, at *2–3 (E.D. Cal. Aug. 31, 2007).

### C. Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses

GoDaddy's Twelfth, Thirteenth, Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses each provide a short and plain statement of the basis for the asserted defense. To the extent that the Twelfth ("Conduct Not Likely to Mislead") and Fourteenth ("Legitimate Business Interest") are of debatable legal sufficiency under the statute on which this action is brought, the Court declines to strike such defenses at this time. *See Brewer*, 2007 WL 2505573, at *2 ("In light of the unsettled nature of the law in this area, the Court will not, at the pleading stage rule on the validity of this affirmative defense.").

### D. Second, Fifth, and Eighth Affirmative Defenses

The Second ("Estoppel"), Fifth ("Laches"), and Eighth ("Unjust Enrichment") Affirmative Defenses do not contain any legal citation or factual basis. Nevertheless, "[f]or well-established defenses, merely naming them may be sufficient . . . ." *Devermont v. City of San Diego*, No. 12-CV-01823 BEN (KSC), 2013 WL 2898342, at *2 (S.D. Cal. June 14, 2013). Estoppel and laches are both well-established and oft-litigated. Importantly here, they are related to other asserted defenses, such as waiver, where GoDaddy has provided a factual basis and the parties have already litigated the issue in the motion to dismiss. Estoppel is closely related to waiver. *See Stanolind Oil & Gas Co. v. Guertzgen*, 100 F.2d 299, 302 (9th Cir. 1938) ("A waiver is defined as the

intentional relinquishment of a known right.  Where the waiver is predicated on conduct, the elements of an estoppel are almost invariably present.").  Laches "is an equitable defense that prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950–51 (9th Cir. 2001) (internal quotation marks and citation omitted).  Each of these defenses thus provides fair notice to Ventures Edge and will not be stricken.

Unjust enrichment is a closer call.  Unlike estoppel and laches it is not listed as an exemplar affirmative defense in Federal Rule of Civil Procedure 8(c)(1).  However, federal district courts have allowed it to be pleaded as an affirmative defense.  *See Saxon Fin. Grp., Inc. v. Rath*, No. 11-80646-CIV, 2012 WL 3278662, at *8 (S.D. Fla. Aug. 9, 2012) (allowing unjust enrichment as an affirmative defense that "seeks to prevent a windfall to Plaintiffs in the event that they prevail in their action").  Arizona state courts have also alluded to unjust enrichment as an affirmative defense.  *See MH Inv. Co. v. Transamerica Title Ins. Co.*, 162 Ariz. 569, 574, 785 P.2d 89, 94 (Ct. App. 1989).  The grounds for the defense are simple enough as to provide fair notice.  This is enough at this stage, and it too will not be stricken.

### E.  Nineteenth Affirmative Defense

GoDaddy's Nineteenth Affirmative Defense will be stricken.  This defense, labelled as a "Reservation of Rights," states that "GoDaddy expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify affirmative defenses based upon legal theories, facts and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action."  (Doc. 53 at 13–14.)  This is not an affirmative defense, and to permit it to be pleaded in an answer would be to permit an end-run around the requirements of Federal Rule of Civil Procedure 15.  *See United States v. Glob. Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15.  Limitations on the time or ability to file affirmative

defenses cannot be avoided by 'reserving one's rights' in an answer."). Leave to amend this defense is denied.

**IT IS THEREFORE ORDERED** that Ventures Edge's Motion to Strike, (Doc. 57), is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that GoDaddy's Nineteenth Affirmative Defense ("Reservation of Rights") is **STRICKEN** from its Answer, (Doc. 53), **WITHOUT LEAVE TO AMEND**.

Dated this 22nd day of March, 2017.

*[signature]*
Honorable G. Murray Snow
United States District Judge